IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>YAVOR DELCHEV STOEV, )<br>)<br>Defendant. ) | Criminal Action No. 06-138-GMS |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by Colm F. Connolly, United States Attorney for the District of Delaware, and Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and the defendant, Yavor Delchev Stoev, by and through his attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count Three of the Indictment, charging the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, which carries a maximum penalty of 5 years imprisonment, a $250,000 fine, 3 years supervised release, and a $100 special assessment.

2. The United States agrees to move to dismiss Counts One and Two of the Indictment at or about the time of sentencing.

3. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count Three of the Indictment: (a) that two or more persons conspired, or agreed, to commit the crime of wire fraud; (b) that the defendant knowingly and voluntarily joined the conspiracy; © that one of the conspirators thereafter knowingly committed at least

one of the overt acts charged in Count Three of the Indictment; and (d) that such overt act was knowingly done in furtherance of some object or purpose of the conspiracy, as charged.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, (a) the United States agrees not to contest a reduction under USSG § 3E1.1(a) based on the defendant's conduct to date; and (b) if the Court determines that the defendant's offense level is 16 or higher, the United States agrees to move for a three level reduction under USSG § 3E1.1(b) based on the defendant's conduct to date.

6. The defendant agrees to pay the $100 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau

of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7. The defendant agrees to forfeit to the United States all interests he may have in all computer hardware, software, and digital storage media seized from him by Federal Bureau of Investigation agents during the execution of a search warrant at his residence on or about October 26, 2006.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
Edson A. Bostic, Esquire
Attorney for Defendant

_____
Yavor Delchev Stoev
Defendant

Dated: 10-23-07

COLM F. CONNOLLY
United States Attorney

By: _____
Edmond Falgowski
Assistant United States Attorney

AND NOW, this 23rd day of Oct., 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE GREGORY M. SLEET
Chief Judge, United States District Court Judge

FILED
OCT 23 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3